IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Kathleen Theresa Scavello,           )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )        Civil Action No.: 5:14-cv-00390-TLW
                                     )
Carolyn W. Colvin,                   )
Acting Commissioner of Social Security )
Administration,                      )
                                     )
            Defendant.               )
_____ )

# ORDER

The Plaintiff, Kathleen Theresa Scavello ("Plaintiff"), brought this action pursuant to 42

U.S.C. § 405(g) and § 1383(c)(3)  to obtain judicial review of a final decision of the defendant,

Acting Commissioner of Social Security Administration ("Commissioner" or "Defendant"), denying

her claims for Disability Insurance Benefits and Supplemental Security Income.  (Doc. #1).  This

matter is before the Court for review of the Report and Recommendation ("the Report") filed on

May 28, 2015 by United States Magistrate Judge Kaymani D. West, to whom this case had

previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil

Rule 73.02(B)(2) DSC.  (Doc. #37).  In the Report, the Magistrate Judge recommends that the

Commissioner's decision be affirmed.  (Doc. # 37).  The Plaintiff filed objections to the Report on

June 15, 2015.  (Doc. #39).  The Commissioner filed a response to the objections on June 29, 2015

(Doc. #42), to which the Plaintiff replied on July 14, 2015 (Doc. #44).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation, the objections thereto, and all other relevant filings and memoranda. It is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED**. (Doc. # 37).

The Court notes the Administrative Law Judge (ALJ) concluded that through the date last insured, the Plaintiff was capable of performing past relevant work as a "surveillance monitor." (Doc. #21-2 at 28). However, the ALJ made an additional specific finding in the alternative that considering the Plaintiff's age, education, work experience, and residual functioning capacity, there were also other jobs that existed in significant numbers in the national economy that the Plaintiff could have performed. (Doc. #21-2 at 29; see 20 CFR §§ 404.1569, 404.1569(a)). This Court agrees with the Magistrate Judge and concludes that even if the ALJ failed to properly explain the

2

reasons for finding the job of "surveillance monitor" to be prior relevant work for the Plaintiff (as opposed to part of a composite job), any error is harmless in light of the ALJ's alternative decision that there were also other jobs available that the Plaintiff could perform.  (See Doc. #37 at 27-28).

In sum, the Court finds that the Commissioner's decision is supported by substantial evidence.  Accordingly, for the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
TERRY L. WOOTEN
Chief United States District Judge

August 26, 2015
Columbia, South Carolina

3